**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| H. P., a minor, by and through her father, W.P. | ) ) ) ) Case Number: 17-cv-05377 |
| Plaintiff, | ) ) ) |
| v. | ) ) Judge: Jorge L. Alonso |
| NAPERVILLE COMMUNITY UNIT SCHOOL DISTRICT #203 | ) ) Magistrate J.: Jeffrey T. Gilbert ) ) |
| Defendant. | ) DEMAND FOR JURY TRIAL ) |

**PLAINTIFF'S REQUEST FOR DECISION**

Plaintiff H.P., a minor, by and through her father W.P. and her attorney,
Jeffery M. Hagen, hereby requests, pursuant to Local Rule 78.5,
decisions on Plaintiff's Motion for Summary Judgement on Count II of
Plaintiff's Complaint [Doc. #'s 42, 43, 43-1, 50, 51 61, and 62] and
Plaintiff's Motion to Deem Facts Admitted [Doc. #'s 74, 74-1, 74-2, 76,
79, 79-1, and 79-2].

     1.     On July 21, 2017, Plaintiff filed her Complaint for
Declaratory and Injunctive Relief [Doc. #1] seeking, among other things,
to enjoin Defendant, Naperville Community School District 203 ("District
203") from denying her enrollment in Naperville Central High School
("NCHS") for her senior year.

2.      On August 1, 2017, Plaintiff filed a Motion for Preliminary Injunction [Doc. #9] seeking to enjoin Defendant from denying her enrollment in NCHS for her senior year pending resolution of her discrimination claims pursuant to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

3.      On August 16, 2017, this court denied Plaintiff's Motion for a Preliminary Injunction [Doc #32].

4.      On or about August 21, 2017, Plaintiff enrolled at Downers Grove North High School in Community High School District #99 ("District 99").

5.      On or about September 18, 2017, Plaintiff began seeing a therapist to address issues associated with coping with a new school.

6.      On or about November 9, 2017, Plaintiff's therapist diagnosed Plaintiff with Pervasive Depressive Disorder (Dysthymia) - Severe.  See Exhibit 1.

**Defendant Recognized Plaintiff's Disability in the Past**

Defendant prepared an initial Individualized Education Program accommodating Plaintiff's diagnosed disability in May 2014 (see attached Exhibit 2).  The program was prepared by a District 203 psychologist, behavioral specialist, social worker, and counselor, among others.  The program noted that Plaintiff was diagnosed with a "major depressive disorder and generalized anxiety disorder" (see Exhibit 2, pp. SD61-SD62).  In determining that Plaintiff's disability qualified Plaintiff for

2

special education classes and services, District 203 noted that Plaintiff has "a heightened sensitivity to environmental stimuli, that results in limited alertness with respect to the educational environment" that "adversely affects the student's educational performance" (see Exhibit 2, pp. SD63).

Plaintiff was doing well at NCHS despite her disability, and despite suffering the death of her mother shortly before her junior year. Due to her mother's death, Plaintiff's residence changed. Although Plaintiff asserts that her new residence must, as a matter of law, be in District 203, she sought an accommodation due to her disability from District 203 in early July 2017 that would allow her to remain at NCHS for her senior year. District 203 made no effort to understand Plaintiff's disability or the accommodation requested, instead District 203 simply and immediately referred the matter to counsel (see Exhibit 3). Plaintiff also attempted in early July 2017 to address the issue of her "legal" district. Again, District 203 denied Plaintiff a fair hearing on this issue (see Exhibit 4).

While the issues regarding Plaintiff's disability and residency are litigated, Plaintiff enrolled in a District 99 school, and, subsequently, began seeing a therapist. Recently, Plaintiff's therapist diagnosed Plaintiff with a Pervasive Depressive Disorder - Severe. Since major depression episodes may occur with a pervasive depressive disorder and given Plaintiff's previous diagnosis of a major depressive disorder,

Plaintiff's father is concerned that Plaintiff's mental health and education will suffer, if the issues surrounding her residency are not resolved. In addition, no ongoing discovery in this matter will change the facts material to the issue of Plaintiff's "legal" district.

**A decision on Plaintiff's Pending Motions is Needed**

It is indisputable that Plaintiff's current residence is in a subdivision which is situated such that the only way for school buses from District 99 to enter and exit the subdivision is to go through District 203. The validity of the subdivision's districting is the subject of Plaintiff's Motion for Summary Judgment on Count II and Plaintiff's Motion to Deem Facts Admitted. The material facts, as detailed in the motions, are indisputable and the relevant case law is well settled. The issues addressed in Plaintiff's motions will be dispositive as to Plaintiff's assertion that her "legal" district is District 203. If Plaintiff's "legal" district is in District 203, Defendant cannot deny Plaintiff immediate enrollment at NCHS. Plaintiff's mental state and her ability to complete her final year of high school will be helped by a return to NCHS. The scope of the ongoing litigation will also be clarified by decisions on Plaintiff's pending motions.

WHEREFORE, Plaintiff H.P., by and through counsel, Jeffery M. Hagen, respectfully requests that this Court issue decisions on Plaintiff's Motion for Summary Judgment on Count II and Plaintiff's Motion to Deem Facts

4

Admitted.

Respectfully submitted by,

Dated: November 13, 2017    <u>/s/ Jeffery M. Hagen</u>

Jeffery M. Hagen
Law Office of Jeffery M. Hagen
6173 Dixon Drive
Lisle, Illinois 60532
Tel. 630-333-8116
Fax. 630-435-1954
E-mail: jhagen@jmhagenlaw.com

Attorney for Plaintiff