IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

H.P., a minor, by and through her father, )
W.P., )
                                                                    )
               Plaintiff,     )   No. 17 C 5377
                                                                    )
                v.                          )   Jeffrey T. Gilbert
                                                   )   Magistrate Judge
NAPERVILLE COMMUNITY UNIT   )
SCHOOL DISTRICT #203,           )
                                                                  )
               Defendant.   )

## ORDER

Plaintiff's Motion to Reconsider [ECF No. 106] is denied. See Statement below for further details.[1]

## STATEMENT

The purpose of a motion pursuant to Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 174 91989). A Rule 59(e) motion may be used to bring to the court's attention "a manifest error or law, or newly discovered evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). A motion to reconsider pursuant to Rule 59(e) should be granted only in rare circumstances. *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013). A party moving for reconsideration pursuant to Rule 59(e) bears the heavy burden of establishing that the court should reverse its prior judgment. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A Rule 59(e) motion for reconsideration is not an appropriate vehicle for re-litigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Id.*; *see also Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A court's ruling is not a "mere first draft[], subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988).

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" that (1) the court committed a manifest error of law or fact, or (2) newly discovered evidence precluded entry of judgment. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations

---

[1] For purposes of this Order and Statement, the Court assumes familiarity with the background facts of the case, as set forth in the Court's summary judgment ruling [ECF No. 104].

marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party." *Id.* The decision to grant a Rule 59(e) motion to reconsider lies in the sound discretion of this Court, and its ruling will only be disturbed upon a showing that the Court abused its discretion. *Scott*, 948 F. Supp. 2d at 865 (citing *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996)).

Plaintiff asserts that reconsideration is proper "where (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law; or (5) there has been a controlling or significant change in facts." Plaintiff's Motion to Reconsider, [ECF No. 106], at 1 (citing *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 2011 WL 1811396, at *2 (N.D. Ill. May 12, 2011)). While Plaintiff cites the correct legal standard, she cannot demonstrate any of the predicates. The closest she gets to satisfying a Rule 59(e) requirement is her argument that the Court made a decision "outside the adversarial issues presented to the court by the parties." Specifically, Plaintiff contends that reconsideration is appropriate because "Defendant did not raise the issue of causation in the context of a failure to accommodate claim and did not cite any of the cases cited by the [C]ourt," thereby denying her the opportunity to respond to the issue of causation. Plaintiff's Motion to Reconsider, [ECF No. 106], at 3. This is inaccurate, and Plaintiff concedes this much in her Motion to Reconsider. By Plaintiff's own admission, Defendant addressed causation on two separate occasions in its Motion for Summary Judgment. *See* Defendant's Motion for Summary Judgment, [ECF No. 96], at 8–9, 11–12.

Plaintiff also takes issue with Defendant's failure to cite any of the cases relied upon by the Court in its summary judgment ruling. The decision in one of those cases, *A.H. by Holzmeuller v. Illinois High School Association*, 881 F.3d 587 (7th Cir. 2018), was issued less than one week before the Court issued its summary judgment ruling and, therefore, could not have been cited in either party's briefs. The ruling in *A.H.* is consistent, however, with the existing body of law on causation in failure to accommodate cases.

Plaintiff has cited no case law that stands for the proposition that a prevailing party's failure to cite any of the cases cited by the court provides a basis for reconsideration under Rule 59(e). And, in any event, "[f]ederal courts are entitled to apply the right body of law whether the parties name it or not." *Harrison Mfg., LLC v. JMB Mfg., Inc.*, 2014 WL 4680731, at *1 (S.D. Ind. Sept. 19, 2014) (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001)). Furthermore, Plaintiff herself cited two of the cases relied upon by the Court in her response to Defendant's Motion for Summary Judgment: *Washington v. Indiana High School Athletic Assoc.*, 181 F.3d 840 (7th Cir. 1999), and *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 485 F.3d 737 (7th Cir. 2006). *See* Plaintiff's Response to Defendant's Motion for Summary Judgment, [ECF No. 101], at 3, 13. In fact, Plaintiff cited *Washington* extensively in her opening brief in support of her motion for partial summary judgment. *See, e.g.*, Plaintiff's Memorandum of Law in Support of her Motion for Summary Judgment, [ECF No. 94], at 2, 5, 6, 7, 8, 12, 13.

Accordingly, for all of these reasons, Plaintiff's claim that she was denied the opportunity to address causation in the context of a failure to accommodate claim before the Court issued its

ruling, which rested on the "but for" causation analysis, simply lacks merit. Nothing Plaintiff says in her Motion for Reconsideration convinces the Court that its analysis was wrong. The undisputed facts show that Plaintiff was denied enrollment at Naperville Central High School ("NCHS") because she did not reside in District 203. There is nothing in the record to indicate that Plaintiff's disability had anything to do with her not attending NCHS after she moved out of District 203. And the fact that Plaintiff may be a person with a disability does not require District 203 to alter its residency requirement on the facts of this case.

Plaintiff says her inability to attend NCHS affected her greatly because of her disability, that it is harmful to her to attend any school other than NCHS for her senior year, and that District 203 should have taken that into account when it decided she could not attend NCHS because she did not live in the District. Plaintiff says District 203's failure to do so means that it failed to accommodate her disability. As discussed in the Court's earlier opinion [ECF No. 104], the Court disagrees that Plaintiff can prove a claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*, in this way. Although Plaintiff articulates her claim a little differently and with slightly different emphasis and language in her Motion to Reconsider—"the benefit desired by H.P. was placement in a high school that could provide the academic, social, and emotional support she needed, given her disability" [ECF No. 106, at 4]—the gravamen of Plaintiff's argument is the same and the result is the same. Nothing Plaintiff says in her Motion to Reconsider convinces the Court that its earlier ruling was wrong or should be changed.

Accordingly, for all of these reasons, Plaintiff's Motion to Reconsider [ECF No. 106] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 7, 2018